Jerry **SHRADER**, et al., etc.,
Appellants/Cross-Appellees,

v.

A. W. **HORTON**, Jr., etc., et al.,
Appellees/Cross-Appellants.

Nos. 79–1547 and 79–1548.

United States Court of Appeals,
Fourth Circuit.

Argued June 2, 1980.
Decided July 21, 1980.

Z. D. Christian, Bluefield, Va., S. Strother Smith, III, Abingdon, Va. (Smith, Robinson & Vinyard, Abingdon, Va., on brief), for appellants/cross-appellees.

Roger W. Mullins, Tazewell, Va. (Mullins & Galumbeck, Tazewell, Va., on brief) and R. Leonard Vance, Asst. Atty. Gen., Richmond, Va. (Marshall Coleman, Atty. Gen. of Virginia, James E. Ryan, Jr., Deputy Atty. Gen., Richmond, Va., on brief), for appellees/cross-appellants.

Before BRYAN, Senior Circuit Judge, RUSSELL and HALL, Circuit Judges.

PER CURIAM:

This appeal arises in a Federal court suit brought in 1978 by nearly 100 property owners or residents (plaintiffs) in the Abbs Valley Community of Tazewell County, Virginia, with private water supply systems approved by the State Water Authority, against the members of the Tazewell County Water and Sewage Authority and the Board of Supervisors of the County (defendants) to enjoin them from requiring plaintiffs to connect to a public water system at their own expense and also preventing them from using their existing water sources.[1]

Plaintiffs declared on the Sherman and Clayton Antitrust Acts,[2] charging that the mandatory connection eliminates competition from private sources.[3] They also complained that the State statute's exaction that they join in the water service and abandon their own potable water wells and springs is a "taking" of their property, without just compensation, and so is invasive of their Constitutional protections.

Responding, defendants first pleaded to the jurisdiction on a catholicity of grounds including: (1) the Johnson Act[4] barring the

1. Va. Code § 15.1–1261 (Repl.Vol.1973) reads as follows:

Water and sewer connections.—Upon the acquisition or construction of any water system or sewer system under the provisions of this chapter, the owner, tenant, or occupant of each lot or parcel of land which abuts upon a street or other public way containing a water main or a water system, a sanitary sewer which is a part of or which is served or may be served by such sewer system and upon which lot or parcel a building shall have been constructed for residential, commercial or industrial use, shall, if so required by the rules and regulations or a resolution of the authority, with concurrence of such local government, municipality, or county that may be involved, connect such building with such water main or sanitary sewer, and shall cease to use any other source of water supply for domestic use or any other method for the disposal of sewage, sewage waste or other polluting matter. All such connections shall be made in accordance with rules and regulations which shall be adopted from time to time by the authority, which rules and regu-

lations may provide for a charge for making any such connection in such reasonable amount as the authority may fix and establish.

2. 15 U.S.C. §§ 51, 2 and 8.

3. The District Court found that the State action immunity doctrine of Parker v. Brown, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943), controlled, rendering defendants immune from the antitrust claims because of the State policy to provide monopoly public water service under Va. Code § 15.1–1261. Shrader v. Horton, 471 F.Supp. 1236 (W.D.Va.1979). The antitrust question has not been raised on appeal.

4. The Johnson Act, 28 U.S.C. § 1342 (1948), provides:

The district courts shall not enjoin, suspend or restrain the operation of, or compliance with, any order affecting rates chargeable by a public utility and made by a State administrative agency or a rate-making body of a State political subdivision, where:

suit as one involving "an order affecting rates . . ."; (2) the doctrine of comity, alleging it dictated abstention by the Federal court here, because the State's internal administrative regulation is in issue; and (3) lack of justiciability, maintaining that the action was premature and unripe since the water project had not been completed. The principal defense to the claim of taking without just compensation was that the ordinance is a reasonable exercise of police power and compensation is, therefore, unnecessary.

Upon a comprehensive consideration of each issue tendered by these contentions and upon apt invocation of unquestionable principle and precedent, the Court accepted jurisdiction but dismissed the action on the merits. We affirm on the District Judge's opinion. *Shrader v. Horton*, 471 F.Supp. 1236 (W.D.Va.1979).[5]

Affirmed.

(1) Jurisdiction is based solely on diversity of citizenship or repugnance of the order to the Federal Constitution; and,

(2) The order does not interfere with interstate commerce; and,

(3) The order has been made after reasonable notice and hearing; and,

(4) A plain, speedy and efficient remedy may be had in the courts of such State.

5. Since the District Court decision was rendered, the Virginia statute, § 15.1–1261, *supra*, was amended April 3, 1980 to read as follows:

Water and sewer connections.—Upon the acquisition or construction of any water system or sewer system under the provisions of this chapter, the owner, tenant, or occupant of each lot or parcel of land which abuts upon a street or other public way containing a water main or a water system, a sanitary sewer which is a part of or which is served or may be served by such sewer system and upon which lot or parcel a building shall have been constructed for residential, commercial or industrial use, shall, if so required by the rules and regulations or a resolution of the authority, with concurrence of such local government, municipality, or county that may be involved, connect such building with such water main or sanitary sewer, and shall

cease to use any other source of water supply for domestic use or any other method for the disposal of sewage, sewage waste or other polluting matter. All such connections shall be made in accordance with rules and regulations which shall be adopted from time to time by the authority, which rules and regulations may provide for a charge for making any such connection in such reasonable amount as the authority may fix and establish.

*Provided, however, notwithstanding any other provision of this chapter, those persons having a domestic supply or source of potable water shall not be required to discontinue the use of same, but may be required to pay a connection fee, a front footage fee, and a monthly nonuser service charge that shall not be more than that proportion of the minimum monthly user charge as debt service compares to the total operating and debt service costs. Such fees and charges may not be less than any monthly nonuser fee or service charge being charged by any county, city or town in which the authority operates.*

Inasmuch as the amendment does not affect the outcome of the present case, no discussion of it is requisite.