Clyde D. Graeber, Secretary Kansas Department of Health and Environment Capitol Towers 400 S.W. 8th Avenue, Suite 200 Topeka, Kansas 66603
Dear Secretary Graeber:
The Kansas Department of Health and Environment (KDHE) is considering loaning funds to the City of Colwich for a municipal water utility system. The City proposes to pay the loan through ad valorem taxes and user fees. The City intends to impose user fees on all property owners regardless whether the owner actually uses the water. You indicate that there are numerous property owners who have private water wells and may oppose having to pay for a service that they may not use.
You are concerned about the City's ability to require its citizens to connect to the municipal water utility and impose mandatory minimum fees. This concern prompts the following queries:
1. Can the City, by enacting an ordinary ordinance, establish awater utility system and impose fees for such service?
K.S.A. 12-842, enacted in 1903, authorizes a city of the third class such as the City of Colwich to "purchase, procure, provide and contract for the construction of, and to. . . operate gas plants, electric-light plants, electric power or heating plants and waterworks . . . and to construct, maintain and operate pipelines . . . and other equipment for the transportation of same from the place where such . . . water may be delivered, to such points within or without the city as may be deemed advisable, for the purpose of supplying said city, its citizens andothers, with water, light, gas, [or] heat for domestic use or other purposes. . . ."[1]
In Cunningham v. City of Iola[2] the Kansas Supreme Court concluded that K.S.A. 12-842 impliedly authorizes cities to impose fees for the utility services listed in the statute.
Additionally, the Home Rule Amendment to the Kansas Constitution[3]
allows cities to "determine their local affairs and government," subject only to enactments of the Kansas Legislature that apply uniformly to all cities. There are no statutes that apply uniformly to all cities concerning establishing a water utility system and imposing fees. Therefore, it is our opinion that the Home Rule Amendment would also allow the City of Colwich to establish a water utility system and impose fees for such service.
2. Can the City require all residents to connect to the water utilitysystem by imposing a connection fee?
In Huchinson v. City of Valdosta,[4] the United States Supreme Court upheld an ordinance that required all property owners to connect to the municipal sewer system even in the absence of a known health hazard:
 "It is the commonest exercise of the police power of a state or city to provide for a system of sewers, and to compel property owners to connect therewith. And this duty may be enforced by criminal penalties."[5]
While there are no Kansas appellate decisions on this issue, the United States Courts of Appeals for the 3rd and 4th Circuits have extended the Valdosta holding to municipal water systems:[6]
 "Private wells can be unsafe for a disturbingly long list of reasons. [These] potential harms provide ample justification for government action to safeguard citizens. Because pure water is a precondition for human health, regulating the water supply is a basic and legitimate governmental activity. (Citations omitted.)
 "A municipal water supply replaces a myriad of private water sources that may be unmonitored or, at best, difficult, expensive, and inefficient to monitor. Therefore, a legislature may rationally conclude that a public water supply is the simplest and safest solution for its citizenry as a whole without proof of danger to each and every affected person. [For] these reasons, the overwhelming majority of courts that have addressed this issue have found that mandatory connection to public water is a legitimate exercise of police power."[7]
Therefore, it is our opinion that the City of Colwich may require all property owners to connect to the City's water system even in the absence of a known health hazard if the City is establishing the water system for public health, safety or welfare purposes.
3. Can the City impose mandatory minimum fees for water serviceagainst a property owner who doesn't use the service?
In Shrader v. Horton,[8] the United States Court of Appeals for the 4th Circuit upheld an ordinance requiring property owners to pay an initial connection fee to the municipal water system as well as monthly water assessments. In Stern v. Halligan,[9] the property owners argued unsuccessfully that the municipality could not charge them for unwanted water service:
 "Their [the property owners] claim is mistaken, because government is not required to deal with citizens on a purely contractual basis, as the mandatory connection cases . . . demonstrate. The plaintiffs may be required to obtain their water service from [the township] and to pay for that service just as they may be required to adhere to other laws that . . . cost money."[10]
In Zerr v. Tilton,[11] the Kansas Supreme Court considered whether a county can impose mandatory trash fees on property owners to support the county's solid waste management program. The property owners argued that they did not use the trash pick-up service provided by the county and, therefore, should not have to pay. The Court reviewed K.S.A. 65-3410, which allows a county to impose fees "upon persons receiving the service," and concluded that the mandatory fees were appropriate because the service was available to the owners even though they chose not to avail themselves of the service.
We note that K.S.A. 12-1674a restricts cities in certain counties[12]
from imposing fees for services unless the person is a user or is required by law to use the service. However, this statute does not apply to the City of Colwich because it is located in a county with a population in excess of 215,000. Therefore, applying the Tilton
rationale, it is our opinion that the City of Colwich may impose a minimum fee for water service whether or not the property owner uses the service.
4. Can the City impose a lien on the real property for failure topay any unpaid connection fees and/or unpaid water service fees?
In Attorney General Opinion No. 80-215, Attorney General Robert T. Stephan opined that a city may enact an ordinance creating a lien on property for unpaid water bills.[13] There has been no legislation or appellate court decisions that would invalidate General Stephan's conclusion and, therefore, it is our opinion that a city may enact an ordinance creating a lien for unpaid connection fees and water service fees.
Summarizing, it is our opinion that the City of Colwich may establish a municipal water utility system and impose fees for such service. Moreover, the City may require property owners to connect to the water system by paying a mandatory connection fee and may impose minimum water service fees regardless whether the owner uses the service. Finally, the City may enact an ordinance creating a lien for unpaid connection fees and water service fees.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] K.S.A. 12-842. (Emphasis added).
[2] 86 Kan. 402 (1912).
[3] Article 12, § 5.
[4] 33 S.Ct. 290, 227 U.S. 303, 57 L.Ed. 520 (1913).
[5] 57 L.Ed. at 523.
[6] Stern v. Halligan, 158 F.3d 729 (3rd Cir. 1998); Shrader v.Horton, 471 F. Supp. 1236 (W.D. Virginia, 1979), affd., 626 F.2d 1163
(4th Cir. 1980).
[7] 158 F.3d at 732.
[8] 471 F. Supp. 1236 (W.D. Virginia, 1979), affd., 626 F.2d 1163
(4th Cir. 1980).
[9] 158 F.3d 729 (3rd Cir. 1998).
[10] 158 F.3d at 735. See also Kusznikow v. Council of Stafford,730 A.2d 930 (N.J. Superior Ct. 1999) (property owner must connect to city water system and pay fees even if owner doesn't use city water).
[11] 224 Kan. 394 (1978).
[12] Counties with a population of not less than 175,000 and not more than 215,000.
[13] See also Attorney General Opinion Nos. 84-105 and 2000-14.